UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 10-80252-CV-Ryskamp/Vitunac

ADELE FOX, individually and
on behalf of a class of similarly situated,

       Plaintiffs,
v.

BARBARA PICOWER, individually and as
Executor of the Jeffry M. Picower, and as
Trustee for the Picower Foundation
and for the Trust f/b/o Gabriel H. Picower;
CAPITAL GROWTH COMPANY;
DECISIONS, INC.;
FAVORITE FUNDS;
JA PRIMARY LIMITED PARTNERSHIP;
JA SPECIAL LIMITED PARTNERSHIP;
JAB PARTNERSHIP;
JEMW PARTNERSHIP;
JF PARTNERSHIP;
JFM INVESTMENT COMPANIES;
JLN PARTNERSHIP;
JMP LIMITED PARTNERSHIP;
JEFFRY M. PICOWER SPECIAL COMPANY;
JEFFRY M. PICOWER, P.C.;
THE PICOWER FOUNDATION;
THE PICOWER INSTITUTE OF MEDICAL RESEARCH;
THE TRUST F/B/O GABRIELLE H. PICOWER.
                                          /

## NOTICE OF FILING WAIVERS OF SERVICE OF PROCESS

      Plaintiff, Adele Fox, by and through her undersigned counsel, hereby files the attached Waiver of the Service of Summons, which was received by Plaintiff's undersigned counsel on March 19, 2010.

      Dated this 24th day of March, 2010 by:

        s/ Joseph G. Galardi
        James W. Beasley, Jr.
        Florida Bar No. 145750
        Joseph G. Galardi
        Florida Bar No. 180572
        BEASLEY HAUSER KRAMER
        LEONARD & GALARDI, P.A.
        505 South Flagler Drive, Suite 1500
        West Palm Beach, Florida 33401
        Telephone: (561) 835-0900
        Facsimile: (561) 835-0939
        galardi@beasleylaw.net

        -and-

        Lesley Blackner, Esquire
        Florida Bar No. 654043
        BLACKNER, STONE & ASSOCIATES
        123 Australian Avenue
        Palm Beach, FL  33480
        (561)659-5754
        (561)659-3184 (fax)
        lblackner@aol.com
        *Co-counsel for Plaintiff and the Class*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of March 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        s/ Joseph G. Galardi
        Joseph G. Galardi

## SERVICE LIST

**Via Facsimile and Mail:**

William D. Zabel, Esq.
Marcy Ressler Harris, Esq.
Schulte Roth & Zabel, LLP
919 Third Avenue
New York, NY  10022
Telephone: (212) 756-2351
Facsimile: (212) 593.5955
william.zabel@srz.com
marcy.harris@srz.com
*Attorney for all Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 10-80252-CV-Ryskamp/Vitunac

ADELE FOX, individually and
on behalf of a class of similarly situated,

       Plaintiffs,
v.

BARBARA PICOWER, individually, and as
Executor of the Estate of Jeffry M. Picower,
and as Trustee for the Picower Foundation
and for the Trust f/b/o Gabriel H. Picower;
CAPITAL GROWTH COMPANY;
DECISIONS, INC.;
FAVORITE FUNDS;
JA PRIMARY LIMITED PARTNERSHIP;
JA SPECIAL LIMITED PARTNERSHIP;
JAB PARTNERSHIP;
JEMW PARTNERSHIP;
JF PARTNERSHIP;
JFM INVESTMENT COMPANIES;
JLN PARTNERSHIP;
JMP LIMITED PARTNERSHIP;
JEFFRY M. PICOWER SPECIAL COMPANY;
JEFFRY M. PICOWER, P.C.;
THE PICOWER FOUNDATION;
THE PICOWER INSTITUTE OF MEDICAL RESEARCH;
THE TRUST F/B/O GABRIELLE H. PICOWER.
                                                  /

## WAIVER OF THE SERVICE OF SUMMONS

TO:    James W. Beasley, Jr., Esq.
           Joseph G. Galardi, Esq.
           BEASLEY HAUSER KRAMER
           LEONARD & GALARDI, P.A.
           505 South Flagler Drive, Suite 1500
           West Palm Beach, Florida 33401

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from **March 15, 2010**, the date when this request was sent (or 90 days if this notice was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

DATED: this 19 day of March, 2010, by:

By: _____William D. Zabel_____
William D. Zabel, Esq.
Schulte Roth & Zabel, LLP
919 Third Avenue
New York, NY  10022
*As attorney for Defendant
Barbara Picower, Executor of
the Estate of Jeffry M. Picower*

2

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is singed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.