FILED by _____ D.C.

APR 0 1 2010

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 10-80252-CV-Ryskamp/Vitunac

ADELE FOX, individually and
on behalf of a class of similarly situated,

       Plaintiffs,

v.

BARBARA PICOWER, individually, and as
Executor of the Estate of Jeffry M. Picower,
and as Trustee for the Picower Foundation
and for the Trust f/b/o Gabriel H. Picower;
CAPITAL GROWTH COMPANY;
DECISIONS, INC.;
FAVORITE FUNDS;
JA PRIMARY LIMITED PARTNERSHIP;
JA SPECIAL LIMITED PARTNERSHIP;
JAB PARTNERSHIP;
JEMW PARTNERSHIP;
JF PARTNERSHIP;
JFM INVESTMENT COMPANIES;
JLN PARTNERSHIP;
JMP LIMITED PARTNERSHIP;
JEFFRY M. PICOWER SPECIAL COMPANY;
JEFFRY M. PICOWER, P.C.;
THE PICOWER FOUNDATION;
THE PICOWER INSTITUTE OF MEDICAL RESEARCH;
THE TRUST F/B/O GABRIELLE H. PICOWER.

                                   /

**PLAINTIFF'S *EX PARTE* EMERGENCY MOTION FOR TEMPORARY
RESTRAINING ORDER AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, Adele Fox ("Fox"), by and through her undersigned counsel, and pursuant to

Rule 65 of the Federal Rules of Civil Procedure, moves for entry of a temporary restraining order

to prevent the SIPA Trustee responsible for the liquidation of the business of Bernard L. Madoff

Investment Securities LLC from attempting to usurp the power of this Court to determine claims

made by the Plaintiff against the Defendants that do not belong to the Trustee and cannot be made by the Trustee.

This Motion is filed in response to the surprise attack on this Court's jurisdiction to adjudicate the claims of the Plaintiffs.

## The *Fox* and *Marshall* Class Actions

1.      On February 16, 2010, Plaintiff Adele Fox ("Fox"), filed this class action on behalf of herself and a similarly situated class who invested with Bernard L. Madoff ("Madoff") and Bernard L. Madoff Investment Securities Corporation LLC ("BLMIS") (hereinafter "*Fox*"). On February 17, 2010, Plaintiff Susanne Stone Marshall ("Marshall") filed a separate class action complaint in this District against the same Defendants styled *Susanne Stone Marshall v. Jeffry M. Picower Estate*, case no. 9:10-CV-80254 (hereinafter "*Marshall*").[1]

2.      The Defendants include the estate of the alleged primary wrongdoer, Jeffry M. Picower ("Picower"), Picower's wife, and various entities related to and controlled by Picower. Picower was reportedly the largest beneficiary of the Madoff Ponzi scheme.  Picower and the other Defendants withdrew a total of at least $7.2 billion from BLMIS.   This amount is astounding not only in its absolute sense, but also because it represents approximately 35% of the total *cash* losses suffered by all BLMIS customers.[2]

3.      Promptly after filing the Complaints, Plaintiffs' counsel telephoned counsel for all Defendants, William D. Zabel of the New York firm of Schulte Roth & Zabel, and the SIPA Trustee (described below) to advise them of the filing of the Complaints.

---

[1] On February 26, 2010, Judge Daniel T.K. Hurley entered an Order of Transfer in the *Marshall* case (D.E. 4), transferring *Marshall* to the calendar of Judge Kenneth L. Ryskamp, who is the presiding Judge in the *Fox* case.

[2] The Trustee of the BLMIS liquidation proceedings (as described below) estimates that the total amount of cash invested, less the total amount of cash withdrawn by all customers is just over $20 million.

4.      All of the Defendants in both the *Fox* and *Marshall* actions have received the Complaints and waived service of process under Fed. R. Civ. P. 4(d).  The Defendants' waivers have been filed with the Court (*Fox* D.E 4, 8; *Marshall* D.E. 6, 10).

5.      On March 24, 2010, Plaintiff Fox filed a motion to consolidate the *Fox* and *Marshall* cases and for a preliminary scheduling order (*Fox* D.E. 9).  Defendants have not responded to the motion for consolidation, which is *sub judice*.

## The SIPA Trustee

6.      BLMIS is currently insolvent and is being liquidated by Irving H. Picard (the "Trustee") as Trustee for the liquidation under the Securities Investor Protection Act, 15 U.S.C. § 78aaa, *et seq.* ("SIPA"), in the bankruptcy proceedings styled *In re: Bernard L. Madoff Investments Securities LLC*, Case No. 08-01789 (BRL), pending in the United States Bankruptcy Court, Southern District of New York (the "SIPA Liquidation").

7.      The Trustee has permitted the SIPA claims, in whole or in part, of some of the thousands of BLMIS account holders ("SIPA Payees").  The Trustee has denied the claims of many thousands of other BLMIS account holders in their entirety ("Non-SIPA Payees").

8.      On May 12, 2009, the Trustee sued Picower and the other Defendants here in an adversary proceeding pending in the Southern District of New York Bankruptcy Court. However, The Trustee does not have standing to bring claims asserted by the *Fox* and *Marshall* Plaintiffs. (*Fox* Am. Compl. ¶¶ 4, 74; *Marshall* Am. Compl. ¶¶ 4, 74).

9.      The Plaintiffs and class members have independent claims against Defendants for, *inter alia*, conspiracy, unjust enrichment, conversion and violations of the Florida RICO statute that are separate and distinct from those asserted by the Trustee, and that have not been, and cannot be, asserted by the Trustee.

10. Moreover, the Plaintiffs contend that the Trustee can only recover funds Picower received from BLMIS under New York's fraudulent transfer law, which limits the Trustees' clawback to six year from the filing of his Complaint, which was filed in May, 2009. There is no basis for the Trustee to claim that the *Fox* and *Marshall* claims against Picower interfere with the Trustee's administration of the estate or with the Trustee's claims against Picower.

### The Trustees Attempt to Improperly Halt the *Fox* and *Marshall* Cases and Usurp this Court's Power to Hear Their Independent Claims

11. On March 30, 2010, the Trustee filed a Complaint (the "Trustee's Complaint") and request for a temporary restraining order and order to show cause in the SIPA Liquidation against Fox and Marshall in an attempt to stay these actions. The Trustee seeks broad and far-reaching relief in the name of a purported "emergency." The Trustee goes so far as to ask the Bankruptcy Court to declare the actions pending in this court "void *ab initio.*" (Trustee's Compl. Wherefore para. "i"). A copy of the Trustee's proposed Order for broad injunctive relief to effectively halt the *Fox* and *Marshall* action in this Court is attached hereto as Exhibit "A".

12. The Trustee argues that the *Fox* and *Marshall* class actions must be stayed immediately because they allegedly interfere with the Trustee's settlement negotiations with the Picower estate and the other Defendants in this case. (Trustee's Compl. ¶¶ 68-70). Thus, it appears that the Trustee is working in active concert with the Defendants in this case to eliminate the Plaintiffs' independent claims against the Defendants.

13. The Trustee, *ex parte*, obtained an "emergency" TRO hearing date from United States Bankruptcy Judge Burton R. Lifland, which is scheduled for April 1, 2010 at 11:00 a.m. in the Southern District of New York.

14. The Trustee did not notify counsel for Fox and Marshall of the filing of the Complaint against them, his application for a TRO, or of the hearing date until Wednesday

afternoon, March 31st. Plaintiffs' counsel did not receive the Trustee's Complaint and TRO application papers until yesterday at 1:27 p.m., March 31st. Thus, the Trustee gave Plaintiffs less than 24 hours notice of their long-planned attempt to improperly divest this Court of jurisdiction.

15.    The Trustee has clearly attempted to create an "emergency" where none exists, and has attempted to stay the *Fox* and *Marshall* actions by unfair surprise. The *Fox* and *Marshall* Complaints were filed approximately six weeks ago on February 15th and 16th, respectively. The Trustee was promptly notified of the filing of the *Fox* and *Marshall* actions by Plaintiffs. It appears that the Trustee has laid in wait for six weeks to prepare a 23-page Complaint and 38-page memorandum of law for a TRO, and then declare that the *Fox* and *Marshall* actions should be stayed and declared "void *ab initio*" as a matter of "emergency."

16.    Even though the Trustee has been on notice of the *Fox* and *Marshall* actions since mid-February, the Trustee chose to ignore this Court and seek a TRO from the Bankruptcy court on virtually no notice to Plaintiffs.

17.    The Trustee is attempting to divest this Court of jurisdiction to adjudicate the independent claims of the Plaintiffs.[3]

## Memorandum of Law

The facts asserted above satisfy the standards for issuing a temporary restraining order.[4]

*First*, the Plaintiffs have a substantial likelihood of success. These class actions cannot be stayed by virtue of the mere existence of the SIPA Liquidation, even where the estate may have competing claims. *See In re Phar-Mor, Inc. Sec. Lit.*, 166 B.R. 57, 61-62 (Bankr. W.D. Pa. 1994) (bankruptcy court refused to stay, because to do so would "trample the rights of the

---

[3] *See* Declaration of J. Galardi, attached as Exhibit "B".

[4] See, e.g., *Taylor Farms Florida, Inc. v. Gennaro's Produce, Inc.*, 2007 WL 646987, * 1 (S.D. Fla. Feb. 27, 2007), for the grounds for issuing a TRO.

[creditors] to assert their independent and distinct claims against a non-bankrupt third party").[5]

*Second,* the Plaintiffs' will suffer irreparable injury if the Trustee is successful in what will essentially be a divestiture of this Court's jurisdiction to adjudicate the Plaintiffs' claims.

*Third,* the threatened injury to the Plaintiffs outweighs whatever damage the proposed TRO may cause the opposing party, in that the Plaintiffs will be denied their day in Court.

*Fourth,* the proposed TRO would not be adverse to the public interest. On the contrary, the proposed TRO will preserve the valid jurisdiction of this Court and prevent the extinguishment of the Plaintiffs' valid claims against the Defendants.

WHEREFORE, the Plaintiffs in *Fox* and *Marshall* respectfully request that Court enter an Order on an emergency basis:

(a)    granting this Motion;

(b)    prohibiting the Trustee from proceeding with the hearing on his motion for a TRO currently scheduled for 11:00 a.m., this Thursday, April 1, 2010;

(c)    prohibiting the Defendants, and those acting in concert with them, including the Trustee, from seeking a stay of these proceedings in any forum or venue other than this Court.

### Rule 65(B)(1)(b) Certification

Prior to filing this motion, undersigned counsel has not made any efforts to give notice to counsel for Defendants or the Trustee due to the short time frame imposed on Plaintiffs by the Trustee's TRO filings in the SIPA Liquidation, and the fact that this matter must be heard first

---

[5] *See also In re Continental Air Lines, Inc.,* 61 B.R. 758, 782 (Bankr. S.D. Tex. 1986) (holding that purported injunctions "significantly intrude[d] into the state and federal rights" of the enjoined plaintiffs); *In re Reliance Group, Inc.,* 235 B.R. 548, 558 (Bankr. D. Del. 1999) (possibility of increased indemnity claims against estate not grounds for stay); *In re Lendvest Mortgage, Inc.,* 1990 WL 357806 (N.D. Cal. 1990) (refusing to stay class action involving non-debtor attorneys' and accountants' independent liability to defrauded investors).

thing in the morning on the date of the filing, because the hearing that is the subject of this

Motion is scheduled to take place at 11:00 a.m. on the date of this Motion in the Bankruptcy

Court for the Southern District of New York.

DATED this 1st day of April, 2010.

Respectfully submitted,

s/ Joseph G. Galardi
James W. Beasley, Jr.
Florida Bar No. 145750
Joseph G. Galardi
Florida Bar No. 180572
BEASLEY HAUSER KRAMER
LEONARD & GALARDI, P.A.
505 South Flagler Drive, Suite 1500
West Palm Beach, Florida 33401
Telephone:  (561) 835-0900
Facsimile:  (561) 835-0939
galardi@beasleylaw.net

-and-

Lesley Blackner, Esquire
Florida Bar No. 654043
BLACKNER, STONE & ASSOCIATES
123 Australian Avenue
Palm Beach, FL  33480
(561) 659-5754
(561) 659-3184 (fax)
lblackner@aol.com
*Attorneys for Plaintiff and the Class*

Helen Davis Chaitman
New York Bar No. 1236678
BECKER & POLIAKOFF
45 Broadway 11th Floor
New York, NY 10006
(212) 599-3322
(212) 557-0295 (fax)
*Attorneys for Plaintiff and the Class*
*(Admitted by special appearance)*

7

# EXHIBIT "A"

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant, | Adv. Pro. No. 08-1789 (BRL)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>ADELE FOX, individually and to the extent she purports to represent a class of those similarly situated, and SUSANNE STONE MARSHALL, individually and to the extent she purports to represent a class of those similarly situated,<br><br>Defendants. | Adv. Pro. No. __-_____ (BRL) |

**[PROPOSED] ORDER ENFORCING AUTOMATIC STAY AND**
**ENJOINING DEFENDANTS FOX AND MARSHALL AND THOSE**
**ACTING ON THEIR BEHALF OR IN CONCERT OR PARTICIPATION**

Upon consideration of the Application for Enforcement of Automatic Stay and for a Preliminary Injunction ("Application") in the above-captioned adversary proceeding of Irving H. Picard ("Trustee"), Trustee for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, individually, pursuant to 11 U.S.C. §§ 362(a) and 105(a), and Rule 7065 of the Federal Rules of Bankruptcy Procedure, for an order enforcing the automatic stay and enjoining Defendants Adele Fox ("Fox") and Susanne Stone Marshall ("Marshall," and together with Fox, the "Florida Plaintiffs"), and those acting in concert or participation with them, or on their behalf, and the other parties, from pursuing the actions titled *Fox v. Picower, et al.*, Case No. 10 CV 80252 (S.D. Fla.),  and *Marshall v. Picower, et al.*, Case No. 10 CV 80254 (S.D. Fla.) (the "Florida Actions") and any actions against defendants in the Florida Actions (the "Picower Defendants"), and effectively staying those actions; and upon the Memorandum of Law, the Affidavit of David J. Sheehan, sworn to on March 30, 2010, in support thereof, the complaint by the Trustee against the Florida Plaintiffs, dated March 30, 2010 (the "Complaint"), the Order to Show Cause, dated _____, 2010, and all of the pleadings and prior proceedings in this and related actions; and a hearing on the Application having been held on _____, 2010 to consider the Application, and sufficient cause appearing, therefore:

IT IS on this ____ day of _____, 2010 HEREBY:

1.       ORDERED that the Application is granted.

2.       ORDERED that the Florida Actions are *void ab initio* as violative of the automatic stay provisions of the Bankruptcy Code, 11 U.S.C. § 362.

3.       ORDERED that the Florida Plaintiffs, their agents, servants, employees, attorneys, and all those acting in concert or participation with them, or acting on their behalf, and

2

all parties having notice of this Order, are hereby enjoined and restrained from any further prosecution of, or further action in connection with, the Florida Actions, and are further enjoined and restrained from commencing any action, in any forum, against any of the Picower Defendants, pending completion of the Trustee's settlement with the Picower Defendants, and a final order and judgment regarding the approval of that settlement.


Dated: New York, New York
_____, 2010


                                              _____
                                              HONORABLE BURTON R. LIFLAND
                                              UNITED STATES BANKRUPTCY JUDGE

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                        Plaintiff,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                        Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                        Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>                        Plaintiff,<br><br>    v.<br><br>ADELE FOX, individually and to the extent she purports to represent a class of those similarly situated, and SUSANNE STONE MARSHALL, individually and to the extent she purports to represent a class of those similarly situated,<br><br>                        Defendants. | Adv. Pro. No. __-_____ (BRL) |

**[PROPOSED] ORDER TO SHOW CAUSE**
**WITH TEMPORARY RESTRAINING ORDER**

THIS MATTER having been brought to the Court's attention through the application

("Application") brought by Irving H. Picard, Esq., as trustee ("Trustee") for the substantively

-2-

consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC and

Bernard L. Madoff, individually, seeking relief pursuant to 11 U.S.C. §§ 362(a) and 105(a) and

Rule 7065 of the Federal Rules of Bankruptcy Procedure for a Temporary Restraining Order,

Enforcement of the Automatic Stay and Preliminary Injunction, enjoining and restraining

Defendants Adele Fox ("Fox") and Susanne Stone Marshall ("Marshall," and together with Fox,

the "Florida Plaintiffs") and those acting in concert or participation with them, or on their behalf,

and the other parties, from pursuing the actions titled *Fox v. Picower, et al.,* Case No. 10 CV

80252 (S.D. Fla.) and *Marshall v. Picower, et al.,* Case No. 10 CV 80254 (S.D. Fla.) (the

"Florida Actions"), and commencing or proceeding with any other actions or proceedings against

the defendants in the Florida Actions (the "Picower Defendants"); and

UPON REVIEW AND CONSIDERATION of the Memorandum of Law in Support of

the Application, the supporting Affidavit of David J. Sheehan, sworn to on March 30, 2010, the

complaint by the Trustee against the Florida Plaintiffs, dated March 30, 2010 (the "Complaint"),

and all of the prior proceedings, pleadings and other submissions in this and related actions; and

it appearing that the Trustee has: (1) demonstrated a likelihood of success on the merits or, at the

very least, has presented serious questions on the merits to make them a fair ground for litigation

and the balance of hardships tips decidedly in the movant's favor; and (2) demonstrated that

serious irreparable harm will ensue unless a Temporary Restraining Order is granted;

Now, therefore, IT IS HEREBY:

ORDERED that the Florida Plaintiffs, their agents, servants, employees, attorneys, and

all those who act in concert or participation with them, or on their behalf, and all parties having

notice of this Order, are enjoined and restrained from any further prosecution of, or further action

in connection with, the Florida Actions and are further enjoined and restrained from commencing

-3-

any action, in any forum, against any of the Picower Defendants, pending the hearing on and determination of the Application; and it is further

ORDERED that the Florida Plaintiffs show cause before this Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York, 10004 on the ____ day of _____, 2010, at _____ _.m., as to why the Court should not (1) deem the Florida Actions as in violation of the automatic stay provisions of § 362 of the Bankruptcy Code and, thus, declare the Florida Actions to be void *ab initio*; and (2) issue a Preliminary Injunction, pursuant to 11 U.S.C. §§ 362(a) and 105(a) and Bankruptcy Rule 7065, enjoining the Florida Plaintiffs and those acting in concert or participation with them, or on their behalf, and the other parties, from proceeding with their litigation in the Florida Actions, or commencing any action, in any forum, against any of the Picower Defendants, pending completion of the Trustee's settlement with the Picower Defendants and a final order and judgment regarding approval of that settlement; and it is further

ORDERED that the Trustee shall serve a copy of this Order to Show Cause with Temporary Restraining Order, the Memorandum of Law in Support of Trustee's Application, the Complaint, the supporting Affidavit of David J. Sheehan, Esq., and the Proposed Order Enforcing Automatic Stay and Enjoining Defendants on counsel for the Florida Plaintiffs by ____ _.m. on _____ _, 2010; and it is further

ORDERED that the Trustee shall also serve a copy of this Order to Show Cause with Temporary Restraining Order, the Memorandum of Law in Support of Trustee's Application, the Complaint, the Supporting Affidavit of David J. Sheehan, Esq., and the Proposed Order Enforcing Automatic Stay and Enjoining Defendants on or before ____, _.m. on _____ __,

2010 on the Securities Investor Protection Corporation, 805 Fifteenth Street, NW, Suite 800,

Washington, DC 20005, Attn: Josephine Wang, Esq.; and it is further

ORDERED that all service hereunder shall be made via electronic mail, facsimile and/or

hand delivery as well as the Court's Electronic Case Filing ("ECF") system.

Dated:  New York, New York
        _____ \_\_, 2010

        at _____ \_\_.m.


            _____
            HONORABLE BURTON R. LIFLAND
            UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT "B"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 10-80252-CV-Ryskamp/Vitunac

ADELE FOX, individually and
on behalf of a class of similarly situated,

      Plaintiffs,

v.

BARBARA PICOWER, individually, and as
Executor of the Estate of Jeffry M. Picower,
and as Trustee for the Picower Foundation
and for the Trust f/b/o Gabriel H. Picower;
CAPITAL GROWTH COMPANY;
DECISIONS, INC.;
FAVORITE FUNDS;
JA PRIMARY LIMITED PARTNERSHIP;
JA SPECIAL LIMITED PARTNERSHIP;
JAB PARTNERSHIP;
JEMW PARTNERSHIP;
JF PARTNERSHIP;
JFM INVESTMENT COMPANIES;
JLN PARTNERSHIP;
JMP LIMITED PARTNERSHIP;
JEFFRY M. PICOWER SPECIAL COMPANY;
JEFFRY M. PICOWER, P.C.;
THE PICOWER FOUNDATION;
THE PICOWER INSTITUTE OF MEDICAL RESEARCH;
THE TRUST F/B/O GABRIELLE H. PICOWER.

_____/

## DECLARATION OF JOSEPH G. GALARDI IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

I, Joseph Galardi, a member of the Bar of this Court and a partner in the firm of Beasley

Hauser Kramer Leonard & Galardi, P.A., counsel for Plaintiff, make this Declaration and state

the factually allegations set forth in paragraphs 1 through 16 in the Plaintiff's Emergency Motion

for Temporary Restraining Order are true and correct

I declare under penalty of perjury that the foregoing statements set forth above are, to the

best of my knowledge, true and correct.

Executed on April 1, 2010.

s/ Joseph G. Galardi
Joseph G. Galardi

2