UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 10-80252-CV-Ryskamp/Vitunac

SUZANNE STONE MARSHALL, ADELE FOX,
MARSHA PESHKIN, and RUSSELL OASIS,
individually and on behalf of a class of similarly situated
Plaintiffs,

v.

CAPITAL GROWTH COMPANY;
DECISIONS, INC.;
FAVORITE FUNDS;
JA PRIMARY LIMITED PARTNERSHIP;
JA SPECIAL LIMITED PARTNERSHIP;
JAB PARTNERSHIP;
JEMW PARTNERSHIP;
JF PARTNERSHIP;
JFM INVESTMENT COMPANIES;
JLN PARTNERSHIP;
JMP LIMITED PARTNERSHIP;
JEFFRY M. PICOWER SPECIAL COMPANY;
JEFFRY M. PICOWER, P.C.;
THE PICOWER FOUNDATION;
THE PICOWER INSTITUTE OF MEDICAL RESEARCH;
THE TRUST F/B/O GABRIELLE H. PICOWER;
BARBARA PICOWER, individually, and as
Executor of the Estate of Jeffry M. Picower,
and as Trustee for the Picower Foundation
and for the Trust f/b/o Gabriel H. Picower;

_____/

**MOTION FOR ORDER OF TRANSFER AND CONSOLIDATION, NOTICE OF
RELATED CASE, AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs Adele Fox and Suzanne Stone Marshall, by and through their undersigned

counsel, and pursuant to Rules 16, 26 and 42 of the Federal Rules of Civil Procedure, move for

entry of an order transferring and consolidating this case with a related declaratory action

1

previously filed by Pamela Goldman and A&G Goldman Partnership on January 6, 2014, *Goldman v. Capital Growth Company, et al.*, No. 9:14-CV-80012-KAM, and in support thereof state as follows:

### The original *Marshall* and *Fox* Actions and the Bankruptcy Court Injunction

1.     Two class actions were filed on February 16 and 17, 2010 by Plaintiffs Adele Fox and Susanne Stone Marshall, respectively, on behalf of themselves and two classes of similarly situated plaintiffs who invested with Bernard L. Madoff ("Madoff") and Bernard L. Madoff Investment Securities LLC ("BLMIS").   These complaints were filed on behalf of Fox and Marshall by Beasley Hauser Kramer & Galardi, P.A. ("Beasley Hauser") and Blackner, Stone & Associates P.A. ("Blackner Stone").

2.     Both the *Marshall* and *Fox* classes brought claims against the estate of Jeffry M. Picower ("Picower") and Picower's affiliates (collectively, the "Picower Defendants"), for damages relating to Picower's wrongdoing in connection with the Ponzi scheme engaged in by Picower, Madoff, and BLMIS.[1]

3.     On March 31, 2010, little more than a month after the *Marshall* and *Fox* cases began, a complaint seeking to enjoin both class actions was brought in the Bankruptcy Court for the Southern District of New York ("Bankruptcy Court") by Irving H. Picard, Esq., as trustee ("Trustee") for the substantively consolidated liquidation of BLMIS under SIPA.

4.     The next day, on April 1, 2010, the Bankruptcy Court enjoined Fox and Marshall from prosecuting their class actions pending a hearing.

---

[1] The *Marshall* class was composed of those BLMIS customers who had net losses associated with BLMIS and also had claims payable in the SIPA liquidation ("net losers"); the *Fox* class was composed of those who had already received from BLMIS pre-bankruptcy more than the amount they invested in BLMIS and had been barred from recovering in the SIPA liquidation ("net winners").  These subclasses have now been combined into one class in the instant action.

5.      At the hearing on April 27, 2010, the Bankruptcy Court found that the *Marshall* and *Fox* class actions were derivative of the Trustee's claims, violated the automatic stay under Section 362(a), and were "void *ab initio*."  Marshall and Fox were temporarily enjoined from pursuing their class actions.

6.      Marshall and Fox appealed the Bankruptcy Court's order, and further objected to a permanent injunction in the Trustee's Settlement with Picower, which purported to enjoin the *Marshall* and *Fox* actions. *See Picard v. Picower Defendants*, Adv. Proc. No. 09-1197 (BRL).

7.      On March 23, 2011, in light of the pending appeals and the injunctions issued by the Bankruptcy Court, this Court administratively closed the instant case, denying all pending motions as moot.  No further litigation took place until Becker & Poliakoff, P.A. ("Becker") filed a motion to reopen the case on February 5, 2014.

## The *Goldman* Motion and the Declaratory Action

8.      On December 13, 2011, Pamela Goldman and A&G Goldman Partnership, individually and on behalf of two classes of similarly situated BLMIS customers, moved for leave in the BLMIS liquidation to file proposed class action complaints against the Picower Defendants based on Section 20(a) of the Securities Exchange Act of 1934. [D.E. 4581].  The Bankruptcy Court denied the motions on June 20, 2012, finding that the proposed complaints were derivative of the Trustee's claims.  [D.E. 4900].

9.      On appeal to the Southern District of New York, U.S. District Judge Sullivan held that while a proper Section 20(a) claim would not be derivative of the Trustee's claims, the proposed complaints only pleaded derivative claims.  *See In re Bernard L. Madoff Inv. Securities, LLC*, No. 12 Civ 6109(RJS), 2013 WL 5511027, at *5 (S.D.N.Y. Sept. 30, 2013). Judge Sullivan affirmed the Bankruptcy Court, but indicated that nonderivative Section 20(a)

3

claims could be pleaded, and that the issue could be properly heard in the Southern District of Florida.  *Id.* at *6, *11.

10.     Accordingly, on January 6, 2014, Pamela Goldman and A&G Goldman Partnership filed a declaratory judgment complaint in this Court ("Declaratory Action") seeking a declaration that a new proposed draft Section 20(a) complaint against the Picower Defendants would not be duplicative or derivative of the Trustee's claims.  *See Goldman v. Capital Growth Company, et al.*, No. 9:14-CV-80012-KAM.   The draft Section 20(a) complaint is attached hereto as **Exhibit "A."**   The Declaratory Action is currently pending before District Judge Kenneth Marra.

### The *Marshall* and *Fox* Second Circuit Opinion

11.     A week after the Declaratory Action was filed, the Court of Appeals ruled on Marshall and Fox's appeal stemming from the original Bankruptcy Court injunction.  *See Marshall v. Picard*, No. 12-1645 (2d Cir. Jan. 13, 2014).  Like Judge Sullivan found with respect to the *Goldman* case, the Court of Appeals held that it was possible for defrauded investors to plead nonderivative claims against the Picower Defendants, and expressly gave Marshall and Fox "leave to amend their complaints in the United States District Court for the Southern District of Florida."

### This class action should be transferred and consolidated with the first-filed Declaratory Action

12.     For nearly four years from April 1, 2010 to January 13, 2014, Marshall and Fox have been enjoined from pursuing their class actions against the Picower Defendants.  For nearly three years, both cases have been administratively closed by the Court.

13.     The Bankruptcy Court held that the original *Marshall* and *Fox* class actions were void *ab initio*, and this holding was upheld by the District Court and the Second Circuit.

14.     By granting leave to amend, the Second Circuit effectively allowed Marshall and Fox to file de facto new class action complaints in the Southern District of Florida, in order to plead nonderivative claims against the Picower Defendants.

15.     However, the Goldman Declaratory Action was filed a week before the Second Circuit's decision granting leave.  In view of the fact that no substantive pleadings occurred in the *Marshall* and *Fox* class actions before the Bankruptcy Court injunction, and the fact that the cases have been closed for a lengthy period of time, the Declaratory Action is, as a practical matter, the first-filed case.

16.     On February 5, 2014, Plaintiffs in the instant case moved for leave to file a new proposed class action complaint.  The new complaint was not drafted or reviewed by Beasley Hauser or Blackner Stone, but only by Becker.[2]  None of Becker's pleadings mentioned the previously filed Declaratory Action.  Becker failed to file notice of the previously-filed, related Declaratory Action with this Court.

17.     In complex litigation such as this, "[a]ll pending related cases or cases that may later be filed in the same court, whether or not in the same division, should be assigned at least initially to the same judge." Manual for Complex Lit. § 10.123 (4th ed. 2009) (emphasis added). Rule 42(a) of the Federal Rules of Civil Procedure also permits this Court to consolidate cases that involve common question of law and fact.

18.     The Goldman Declaratory Action and this class action involve the same legal issue: whether a proposed class action complaint pleads claims that are not derivative of the BLMIS estate.  The issue should be decided by one judge in the Southern District of Florida, as

---

[2] Movants have moved to disqualify Becker as class counsel based on per se conflicts and material conflicts of interest arising from the firm's representation of net winners in other actions.

intimated by the Second Circuit. It would be a waste of judicial resources and effort for these cases to be heard by different courts, and doing so would risk inconsistent results. Pretrial proceedings such as discovery and motion practice in both actions should also proceed on the same schedule wherever appropriate.

WHEREFORE, Plaintiffs respectfully request that the Court enter an order transferring and consolidating this class action with the Declaratory Action. In the alternative, Plaintiffs respectfully request the Court to allow transfer and consolidation of the Declaratory Action with this class action.

**Dated:** February 19, 2014

Respectfully submitted,

/s/ James W. Beasley, Jr.
James W. Beasley, Jr.
beasley@beasleylaw.net
Florida Bar No. 145750
BEASLEY HAUSER KRAMER
& GALARDI, P.A.
505 South Flagler Drive, Suite 1500
West Palm Beach, Florida 33401
Tel: (561) 835-0900
Fax: (561) 835-0939

*and*

/s/ Lesley Blackner
Lesley Blackner, Esq.
lblackner@aol.com
Florida Bar No. 654043
BLACKNER, STONE & ASSOCIATES
123 Australian Avenue
Palm Beach, Florida 33480
Tel: (561) 659-5754
Fax: (561) 659-3184

*Attorneys for Plaintiffs Adele Fox and*
*Suzanne Stone Marshall*

## CERTIFICATE OF FILING AND SERVICE

I HEREBY CERTIFY that on this 19th day of February 2014, this document was

electronically filed with the Clerk of this Court by using the CM/ECF system, which will

serve a copy on all counsel of record.


/s/ James W. Beasley, Jr._____
James W. Beasley, Jr.

7