UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 10-80252-CV-Ryskamp/Vitunac

SUZANNE STONE MARSHALL, ADELE FOX,
MARSHA PESHKIN, and RUSSELL OASIS,
individually and on behalf of a class of similarly situated
Plaintiffs,

v.

CAPITAL GROWTH COMPANY;
DECISIONS, INC.;
FAVORITE FUNDS;
JA PRIMARY LIMITED PARTNERSHIP;
JA SPECIAL LIMITED PARTNERSHIP;
JAB PARTNERSHIP;
JEMW PARTNERSHIP;
JF PARTNERSHIP;
JFM INVESTMENT COMPANIES;
JLN PARTNERSHIP;
JMP LIMITED PARTNERSHIP;
JEFFRY M. PICOWER SPECIAL COMPANY;
JEFFRY M. PICOWER, P.C.;
THE PICOWER FOUNDATION;
THE PICOWER INSTITUTE OF MEDICAL RESEARCH;
THE TRUST F/B/O GABRIELLE H. PICOWER;
BARBARA PICOWER, individually, and as
Executor of the Estate of Jeffry M. Picower,
and as Trustee for the Picower Foundation
and for the Trust f/b/o Gabriel H. Picower;

_____/

**MOTION TO DISQUALIFY BECKER & POLIAKOFF, P.A.
AS COUNSEL AND MEMORANDUM IN SUPPORT**

Plaintiffs Suzanne Stone Marshall and Adele Fox, by and through their undersigned counsel, move to disqualify Becker & Poliakoff, P.A. ("Becker") as class counsel in the instant action brought by a class of similarly situated plaintiffs represented by Plaintiffs Suzanne Stone

1

Marshall, Adele Fox, Marsha Peshkin, and Russell Oasis. The Court must disqualify Becker because the firm's lead attorney in this case, Helen Chaitman, is also a member of the class, and thus suffers from a per se conflict of interest which under Eleventh Circuit authority requires disqualification. Becker also suffers from current conflicts arising from its representation of subclasses of the defined class in other actions where their interests are adverse to other class members. All of these conflicts substantially impair Becker's ability to freely and fully represent the class, and Becker must therefore be disqualified.

## Factual Background

Bernard L. Madoff ("Madoff") and Bernard L. Madoff Investment Securities LLC ("BLMIS") engaged in a Ponzi scheme that defrauded thousands of BLMIS investors. The instant putative class action arises out of the BLMIS Ponzi scheme. The class action alleges that Madoff's close friend and associate, Jeffry Picower, participated in the Ponzi scheme and is liable, along with his affiliates, for damages suffered by BLMIS customers.

After the Ponzi scheme collapsed, the District Court for the Southern District of New York appointed Irving H. Picard, Esq., as trustee ("Trustee") for the substantively consolidated liquidation of Madoff's estate and of BLMIS under the Securities Investor Protection Act ("SIPA"). The proposed class in the instant case consists of two separate and distinct groups of BLMIS customers, those who have net losses associated with BLMIS and also have claims payable in the SIPA liquidation ("net losers"), and those who have already received from BLMIS pre-bankruptcy more than the amount they invested in BLMIS and have been barred from recovering in the SIPA liquidation ("net winners").[1]

---

[1] *See generally In re Bernard L. Madoff Inv. Securities LLC*, 654 F. 3d 229, 236-38 (2d Cir. 2011) (describing "net equity" in the context of the BLMIS fraud).

Net winners and net losers have some common interests and some interests which conflict. For example, many net winners, including clients of Becker, are being pursued by the BLMIS estate Trustee in litigation for net profits they received from their BLMIS investments. These actions against net winners are brought under fraudulent conveyance or bankruptcy avoidance statutes and, in practical effect, will result in net winners paying monies to the BLMIS estate for the benefit of current net losers.

Two class actions were filed on February 16 and 17, 2010 by Plaintiffs Adele Fox and Susanne Stone Marshall, respectively, on behalf of themselves and two classes of similarly situated plaintiffs who invested with BLMIS. *See* Declaration of Richard Lee Stone, ¶ 3, attached as **Exhibit "A."** These complaints were filed on behalf of Fox and Marshall by Beasley Hauser Kramer & Galardi, P.A. ("Beasley Hauser") and Blackner, Stone & Associates P.A. ("Blackner Stone"). However, neither Beasley Hauser nor Blackner Stone had any part in the proposed amended complaint filed in this action on February 5, 2014. **Exh. A** at ¶ 8.[2] The pleadings filed by Becker do not mention the related Declaratory Action previously filed on January 6, 2014 by Pamela Goldman and A&G Goldman Partnership, *Goldman v. Capital Growth Company, et al.*, No. 9:14-CV-80012-KAM, nor did Becker file any notice to the Court regarding the related Declaratory Action.

### Standard of Review

One of the prerequisites to a federal class action is that the class representatives "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This requirement of "adequate representation" extends to the "competency and conflicts of class counsel." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 626 n.20 (1997). Courts therefore

---

[2] *See also* Plaintiffs' Motion for Order of Transfer and Consolidation, at 2.

"undertake a stringent examination" of class counsel and the class representative, including any interests which might be adverse to the class as a whole. *See London v. Wal-Mart Store, Inc.*, 340 F.3d 1246, 1254-55 (11th Cir. 2003) (class counsel's personal friendship with class representative created a present conflict of interest). "If at any time the trial court realizes that class counsel should be disqualified, it is required to take appropriate action." *Piambino v. Bailey*, 757 F.2d 1112, 1145 n.88 (11th Cir. 1985).

## Argument

I. **Becker's lead attorney is a member of the class, and therefore she and Becker have an irreconcilable conflict that she has failed to apprise the Court of.**

Becker's lead attorney in this action, Helen Chaitman, was also a BLMIS customer who invested (and lost) money in the Ponzi scheme, making her a "net loser" member of the putative class. Due to Ms. Chaitman's status as both class counsel and a member of the class, she and her firm suffer from a per se conflict of interest and must be disqualified. *See Zylstra v. Safeway Stores, Inc.*, 578 F.2d 102, 104 (5th Cir. 1978) ("attorneys . . . who themselves are members of the class of plaintiffs . . . should not be permitted to serve as counsel for the class").[3]

In *Zylstra*, the Eleventh Circuit found that the instant situation – where an attorney is both class counsel and a class member – presents an inherent conflict, because class counsel's fees "depend upon the outcome of the case," and the attorney who is also a class member "cannot serve the interests of the class with the same unswerving devotion as an attorney who has no interest other than representing the class members." *Id. Cf. Shroder v. Suburban Coastal Corp.*, 729 F.2d 1371, 1375 (11th Cir. 1984) ("[i]f the interests of a class are to be fairly and adequately

---

[3] The Eleventh Circuit adopted all decisions of the former Fifth Circuit issued before October 1, 1981 as precedent. *Bonner v. City of Prichard*, 661 F. 2d 1206, 1209 (11th Cir. 1981). The common-sense *Zylstra* disqualification rule is still law in the Fifth Circuit. *See, e.g., Deburro v. Apple, Inc.*, No. A–13–CA–784-SS, 2013 WL 5917665, at *1 n.2 (W.D. Tex. Oct. 31, 2013).

4

protected . . . the roles of class representative and of class attorney cannot be played by the same person.") (quoting *Turoff v. May Co.*, 531 F. 2d 1357 (6th Cir. 1976)). Disqualification is per se in part because "the public suspicion of such a conflict is sure to outweigh any public benefit from having that attorney continue." *Zylstra*, 578 F.2d at 104. *Accord Davidson v. Yeshiva Univ.*, 555 F. Supp. 75, 78 (S.D.N.Y. 1982) (attorney could not serve as class counsel for alleged class of surgeons of which he was a member); *Kramer v. Scientific Control Corp.*, 534 F. 2d 1085, 1090 (3d Cir. 1976) (attorney suffers from a conflict of interest if he takes "a share of the potential court-awarded attorneys' fee in addition to his recovery as a member of the class").

Because Ms. Chaitman's dual status as class counsel and class member creates a per se conflict of interest, Becker must be disqualified by the Court. Her failure to apprise the Court of this conflict also shows that she is inadequate for representing the class here.

## II. In other BLMIS-related actions, Becker is advocating interests that are adverse to the "net losers."

In this case, Becker is representing both "net losers," who are BLMIS customers that can recover in the BLMIS SIPA liquidation, and "net winners," who have been barred by the Trustee from recovering in the SIPA liquidation. But an attorney cannot represent a class of plaintiffs if the attorney also represents other clients whose interests are adverse to the class. *See, e.g., Fiandaca v. Cunningham*, 827 F. 2d 825, 829 (1st Cir. 1987) ("[counsel's] representation of the plaintiff class in this litigation was materially limited by its responsibilities to the [other] class"); *Moreno v. Autozone*, No. C05-04432 MJJ, 2007 WL 4287517, at *3-*6 (N.D. Cal. Dec. 6, 2007) (counsel was disqualified due to conflict of interest between two of counsel's clients who had objected to a settlement in which three other clients had filed claim forms). As set forth in more detail below, Becker currently represents parties and interests in other actions that are materially adverse to the net losers, and must be disqualified as counsel here.

### A. Becker represents certain "net winners" in defending avoidance actions brought by the Trustee.

Becker and Ms. Chaitman represent, on an hourly fee basis, 128 net winners ("Avoidance Defendants") in their defense of various bankruptcy avoidance actions brought by the Trustee. *See* Letter Response filed by Becker, *SIPC v. BLMIS*, No. 08-01789 (SMB), [D.E. 5648], attached as **Exhibit "B."** These avoidance actions seek recovery for the BLMIS estate, and every dollar obtained from the Avoidance Defendants will directly benefit the "net losers" in the underlying SIPA liquidation. In short, one group of clients – the Avoidance Defendants – is paying Becker to defend against claims which would benefit another group of purported class members – the net losers. Becker suffers from a clear conflict of interest: it cannot adequately represent the interests of the Avoidance Defendants without also harming the interests of the net losers. Becker is therefore inadequate to represent the class here.

### B. Becker represents a purported class of "net winners" in objecting to the Trustee's recent settlement with JPMorgan.

Becker and Ms. Chaitman also represent another purported class of "net winners" who are attempting to opt out of and are currently objecting to the Trustee's settlement with JPMorgan, which will bring $435 million into the BLMIS estate. *See Hill v. JPMorgan Chase & Co., et al.*, No. 11-cv-7961 (CM); *Shapiro v. JPMorgan Chase & Co., et al.*, No. 11-cv-8331 (CM), [D.E. 55], attached as **Exhibit "C."** The JPMorgan settlement inures directly to the benefit of the "net losers." Again, this representation shows that the interests of one group of Becker's clients, the subclass of "net winners," are adverse to the interests of another group which Becker seeks to represent herein, the net losers. Becker cannot fully represent both these groups simultaneously, and is therefore subjection to disqualification on these grounds as well.

## Conclusion

Becker's representation of the class is tainted by multiple conflicts of interest which Helen Chaitman and Becker have failed to disclose to this Court. It is per se improper for Ms. Chaitman and her firm to represent a class of which Ms. Chaitman is also a member. This alone is grounds for disqualification. Moreover, in other actions, Becker is advocating for the interests of its "net winner" clients and directly against the interests of its "net loser" clients. Becker cannot represent the net winners and net losers here, and must be disqualified.

**Dated:** February 19, 2014

Respectfully submitted,

/s/ James W. Beasley, Jr.
James W. Beasley, Jr.
beasley@beasleylaw.net
Florida Bar No. 145750
BEASLEY HAUSER KRAMER
& GALARDI, P.A.
505 South Flagler Drive, Suite 1500
West Palm Beach, Florida 33401
Tel: (561) 835-0900
Fax: (561) 835-0939

*and*

/s/ Lesley Blackner
Lesley Blackner, Esq.
lblackner@aol.com
Florida Bar No. 654043
BLACKNER, STONE & ASSOCIATES
123 Australian Avenue
Palm Beach, Florida 33480
Tel: (561) 659-5754
Fax: (561) 659-3184

*Attorneys for Plaintiffs Adele Fox and Suzanne Stone Marshall*

### CERTIFICATE OF FILING AND SERVICE

I HEREBY CERTIFY that on this 19th day of February 2014, this document was electronically filed with the Clerk of this Court by using the CM/ECF system, which will serve a copy on all counsel of record.

/s/ James W. Beasley, Jr.
James W. Beasley, Jr.