BECKER & POLIAKOFF LLP
Helen Davis Chaitman (4266)
45 Broadway
New York, New York 10006
(212) 599-3322
HCHAITMAN@BPLEGAL.COM
*Attorneys for the customers listed on Exhibit A and on behalf of the class of all "net winners"*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PAUL SHAPIRO, on behalf of himself as individuals, and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br>v.<br><br>JPMORGAN CHASE & CO.,<br>JPMORGAN CHASE BANK, N.A.,<br>J.P. MORGAN SECURITIES LLC, and<br>J.P. MORGAN SECURITIES LTD.,<br><br>      Defendants. | Case No. 11-CV-8331 (CM)(MHD) |
| STEPHEN and LEYLA HILL, on behalf of themselves as individuals, and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br>v.<br><br>JPMORGAN CHASE & CO.,<br>JPMORGAN CHASE BANK, N.A.,<br>J.P. MORGAN SECURITIES LLC, and<br>J.P. MORGAN SECURITIES LTD.,<br><br>      Defendants. | Civ. No. 11-CV-7961 (CM) |

**NOTICE OF INTENTION TO OPT OUT OF THE PROPOSED SETTLEMENT AGREEMENT AMONG THE TRUSTEE, THE CLASS ACTION PLAINTIFFS AND JPMORGAN CHASE**

{N0039768 4 }

**EXHIBIT C**

## INTRODUCTION

The customers of Bernard L. Madoff Investment Securities LLC ("BLMIS") listed in **Exhibit A** hereto (the "Customers"), as well as the class of "net winners" that they represent, by their undersigned counsel, submit this notice of intention to opt out of the proposed settlement agreement (the "Settlement Agreement") between Irving H. Picard (the "Trustee"), as Trustee in the proceeding for the liquidation of BLMIS, the Class Action Plaintiffs, and JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., J.P. Morgan Securities LLC, J.P. Morgan Securities LTD (collectively, "JPMC"). The Customers also object to the definition of the class as set forth in the Settlement Agreement because it is inconsistent with the class as defined in the Hill Class Action, the Shapiro Class Action, and the Consolidated Actions.[1]

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

On December 2, 2010, the Trustee filed a complaint against JPMC seeking to avoid and recover approximately $435 million of transfers and other payments received by JPMC prior to BLMIS' collapse (the "Avoidance Claims"). *Picard v. JPMorgan Chase & Co, et al.*, 10-4932 (BRL) (the "JPMC Adversary Proceeding"). The Trustee also asserted common law claims against JPMC, including, *inter alia*, aiding and abetting fraud, aiding and abetting breach of fiduciary duty and conversion (the "Trustee's Common Law Claims"). On May 23, 2011, the bankruptcy reference was withdrawn and

---

[1] The Class Action Plaintiffs refer to the plaintiffs in the actions captioned *Hill v. JPMorgan Chase & Co.*, 11 Civ. 7961 (CM) (the "Hill Class Action") and *Shapiro v. JPMorgan Chase & Co.*, 11 Civ. 8331 (CM) (the "Shapiro Class Action").

A copy of the Settlement Agreement is attached as Exhibit 1 to the Declaration of Andrew J. Entwistle filed in support of the Class Action Plaintiffs' motion for preliminary approval of the Settlement Agreement. (Hill Class Action, ECF No. 16, Ex. 1.)

{N0039768 4}                                    2

the case was transferred to this Court. On November 1, 2011, this Court granted JPMC's motion to dismiss the Trustee's Common Law Claims and remanded the Avoidance Claims to the Bankruptcy Court for further proceedings. On June 20, 2013, the Second Circuit affirmed the dismissal of the Trustee's Common Law Claims against JPMC. *Picard v. JPMorgan Chase & Co. (In re Bernard L. Madoff Investment Securities LLC)*, 721 F.3d 54 (2d Cir. 2013).

**THE CLASS ACTIONS**

Shortly after the Trustee's Common Law Claims were dismissed by this Court, the Hill and Shapiro Class Actions were filed in the District Court. Both actions asserted common law causes of action against JPMC relating to its involvement with the BLMIS fraud. The Hill Class Action defined the proposed class as "all persons or entities who, directly, had capital invested with [BLMIS] as of December 12, 2008." (Hill Compl. ¶ 59, Hill Class Action, ECF No. 1.) The Shapiro Class Action defined the class as "all customers who directly had capital invested with BLMIS as of December 12, 2008 and suffered damages." (Shapiro Compl. ¶ 2, Shapiro Class Action, ECF No. 1).

On December 5, 2012, the Hill and Shapiro Class Actions were consolidated and, on January 20, 2012, the Consolidated Class Action Complaint was filed. (2012-12-05 Order ¶ 1, Hill Class Action, ECF No. 3-4.) The Consolidated Class Action Complaint alleged, *inter alia*, knowing participation in a breach of trust, aiding and abetting embezzlement, aiding and abetting breach of fiduciary duty, conversion, aiding and abetting conversion, unjust enrichment, breach of fiduciary duty, commercial bad faith, and gross negligence against JPMC. The Consolidated Class Action Complaint defined the class as "all persons or entities who, directly, had capital invested with [BLMIS], as of December 12, 2008." (Compl. ¶ 289, Hill Class Action, ECF No. 4.)

{N0039768 4}                                       3

On March 9, 2012, JPMC filed a motion to dismiss the Consolidated Class Action Complaint arguing that the claims were precluded under the Securities Litigation Uniform Standards Act ("SLUSA"). JPMC's motion to dismiss remains *sub judice*. On May 23, 2012, the Trustee filed a motion seeking limited intervention pursuant to Fed. R. Civ. P. 24(a)(2), which was granted on October 16, 2012.

On September 26, 2013, this Court placed the Consolidated Class Action on the suspense calendar pending the United States Supreme Court's decision in certain cases concerning the interpretation of SLUSA.

### THE SETTLEMENT AGREEMENT

On January 7, 2014, the Class Action Plaintiffs moved this Court for an order preliminarily approving the Settlement Agreement. (Hill Class Action, ECF No. 15; JPMC Adversary Proceeding, ECF No. 31.) The Settlement Agreement limits the settling class to only "BLMIS customers . . . who directly had capital invested with BLMIS as of [December 11, 2008] and thus, under the net investment method upheld by the United States Court of Appeals for the Second Circuit, had net losses [] as of [December 11, 2008] ("Net Losers")." (Hill Class Action, ECF No. 16, Ex. 1 at 5.) On January 10, 2014, this Court preliminarily approved the Settlement Agreement and set a March 7, 2014 settlement hearing. (Compl. ¶ 289, Hill Class Action, ECF No. 17.)

The class definition set forth in the Settlement Agreement is much narrower than the definition of the class contained in the Consolidated Class Action Complaint because it excludes all "net winners" who directly had capital invested in BLMIS as of December 11, 2008.

## PARTIES SHOULD BE BOUND BY THE CLASS DEFINITION SET FORTH IN THE CONSOLIDATED CLASS ACTION COMPLAINT

As the Seventh Circuit explained in *Alliance to End Repression v. Rochford*, 565 F.2d 975, 978, n. 6 (7th Cir. 1977), it is crucial to have a clear class definition because "the outcome of a class action suit is *res judicata* as to all unnamed class members." Since the "commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action[,]" it would be inherently unfair for a class definition set forth in the complaint, on which parties relied to suspend the applicable statute of limitations, to then be so narrowly construed as to exclude those very parties. *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554 (1974). Here, anyone reading the class definition would have reasonably assumed that it included net winners. The parties are bound by the class definition as set forth in the Consolidated Class Action Complaint. If that was not the intention, it could have easily been so stated. Thus, the Customers are entitled to opt out and pursue their own litigation against JPMC.

## RELIEF REQUESTED

Based on the class definition as set forth in the Consolidated Class Action Complaint, the Customers, on behalf of themselves as well as the class of "net winners" that they represent, hereby request exclusion from the Settlement Agreement in the Consolidated Class Action, *Hill v. JPMorgan Chase & Co., et al*, No. 11-cv-7961 (CM); *Shapiro v. JPMorgan Chase & Co., et al.*, No. 11-cv-8331 (CM). The Customers plan to pursue separate claims against JPMC on behalf of all net winners. *See Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538 (1974).

January 28, 2014

                                        **BECKER & POLIAKOFF LLP**

                                        By: /s/ Helen Davis Chaitman
                                        45 Broadway
                                        New York, NY 10006
                                        (212) 599-3322
                                        HCHAITMAN@BPLEGAL.COM
                                        *Attorneys for the customers listed on*
                                        *Exhibit A and the class of all "net*
                                        *winners"*