UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.:10-80252-CV-KLR

SUZANNE STONE MARSHALL, ADELE FOX,
MARSHA PESHKIN, and RUSSELL OASIS,
individually and on behalf of a class of similarly situated
Plaintiffs,

vs.

CAPITAL GROWTH COMPANY;
DECISIONS, INC.;
FAVORITE FUNDS;
JA PRIMARY LIMITED PARTNERSHIP;
JA SPECIAL LIMITED PARTNERSHIP;
JAB PARTNERSHIP;
JEMW PARTNERSHIP;
JF PARTNERSHIP;
JFM INVESTMENT COMPANIES;
JLN PARTNERSHIP;
JMP LIMITED PARTNERSHIP;
JEFFRY M. PICOWER SPECIAL COMPANY;
JEFFRY M. PICOWER, P.C.;
THE PICOWER FOUNDATION;
THE PICOWER INSTITUTE OF MEDICAL
RESEARCH;
THE TRUST F/B/O GABRIELLE H. PICOWER;
BARBARA PICOWER, individually, and as Executor of
the Estate of Jeffry M. Picower, and as Trustee for the
Picower Foundation and for the Trust f/b/o Gabriel H.
Picower.
_____/

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR STAY and CROSS-MOTION FOR A PRELIMINARY INJUNCTION, AND REQUEST FOR LEAVE TO TAKE DEPOSITIONS with MEMORANDUM OF LAW IN SUPPORT**

Plaintiffs Suzanne Stone Marshall, Adele Fox, Marsha Peshkin, and Russell Oasis, through their undersigned attorneys, on their own behalf and on behalf of a similarly situated class of plaintiffs ("Plaintiffs"), submit this opposition to Defendants' Motion to Stay (DE 29) and respectfully move this Court to enjoin the Defendants and, pursuant to Fed. R Civ. P. 65(d)(2)(C), any persons in active concert or participation with them, from

litigating any aspect of this case in any jurisdiction other than the United States District Court for the Southern District of Florida, as mandated by the United States Court of Appeals for the Second Circuit which, on January 13, 2014, affirmed dismissal of Plaintiffs' complaint "without prejudice to [Marshall and Fox] seeking leave to amend their complaints in [this forum]." The Court held:

> There is conceivably some particularized conspiracy claim appellants could assert that would not be derivative of those asserted by the Trustee. **That question, however, is not properly before us, and is a question in the first instance for the United States District Court for the Southern District of Florida.**

See *Marshall and Fox v. Picard* (*In Re Bernard L. Madoff Investment Securities LLC)*, Case No. 12-1645, Document 164-1 (2d Cir. 2014), Chaitman Decl. Exh. 1 at 23 (emphasis added).

Thus, the Second Circuit stated in its decretal paragraph:

> Accordingly, the judgment of the District Court is **AFFIRMED without prejudice to Fox and Marshall seeking leave to amend their complaints in the United States District Court for the Southern District of Florida**. Of course, we intimate no view on an appropriate disposition of any such motion for leave to amend.

*Id.* at 28 (emphasis added).

Plaintiffs also move for an order allowing them to take the depositions of (a) April Freilich, the chief financial officer of the various Defendants who participated in the criminal conspiracy masterminded by Jeffry Picower and (b) Bernard L. Madoff. In view of Picower's death in 2009, these two people have personal knowledge of the details of the criminal conspiracy in which they engaged and it is essential that their testimony be preserved without further delay.

## PROCEDURAL BACKGROUND AND SUPPORTING FACTS

1. Plaintiffs filed a complaint on behalf of Adele Fox on February 16, 2010 pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure. A companion case was filed on behalf of Susanne Stone Marshall on February 17, 2010, Case No. 10-80254-KLR.

2. A motion to consolidate the cases was filed in both matters on March 24, 2010. DE 9.

3. Irving H. Picard, Trustee of Bernard L. Madoff Investment Securities LLC ("BLMIS"), sought and obtained an injunction against Plaintiffs' proceeding with these cases, which was appealed to the United States District Court for the Southern District of New York and then to the United States Court of Appeals for the Second Circuit (the "New York Proceedings").

4. Both cases in this Court were administratively closed on March 22, 2011 pending resolution of the New York Proceedings. DE 26.

5. Upon the Second Circuit's decision, and in accordance therewith, the Plaintiffs promptly moved in this Court to reopen proceedings and amend their complaints (DE 28).Whether Plaintiffs have stated a claim is – according to the Second Circuit – to be determined by this Court and this Court alone. Chaitman Decl. Exh. 1 at 23, 28.

6. Apparently lacking confidence in this Court's ability to deal with the issues, the Defendants are coordinating with Picard to challenge the proposed second amended complaint in the New York bankruptcy court. This is clearly blatant forum shopping, a bad faith dilatory strategy intended to shield the Defendants from liability for their criminal conduct.

7.  Further, there is reason to believe that the Picower Defendants' defiance of the Second Circuit's ruling is intended to allow them to insulate fraudulent transfers taken to conceal assets.  See Chaitman Decl. at ¶ 6.

Plaintiffs therefore request that this Court enforce the ruling of the Second Circuit that any motion respecting Plaintiffs' ability to replead or the sufficiency of their pleading be determined "in the first instance," in this Court, and that the Court enjoin the Defendants and all those in active concert or participation with them, including but not limited to Picard, from litigating the merits of this matter in any court other than this one.

Finally, to preserve essential testimony without any further delays – a necessity given Defendants' dilatory tactics – Plaintiffs also seek an order from this Court allowing them to take the depositions of April Freilich, Picower's chief financial officer, and Bernard L. Madoff.

## MEMORANDUM OF LAW

### I. PLAINTIFFS ARE ENTITLED TO INJUNCTIVE RELIEF

The original complaints in this matter were filed in 2010 by customers of BLMIS who were victimized by a criminal conspiracy of Madoff, Jeffry Picower and the numerous entities through which Picower worked.  As more fully described in the Declaration of Helen Davis Chaitman filed with Plaintiffs' motion for leave to file a second amended complaint (DE 28, Exh. A), Picard then sued the Plaintiffs in the United States District Court for the Southern District of New York alleging that the Plaintiffs' claims were derivative of the claims Picard had asserted against the Picower Defendants, which claims Picard and the Picower Defendants ultimately settled.  After four years of litigation, the Second Circuit affirmed the dismissal of the complaints but ruled that Plaintiffs could seek to amend the complaints to assert a conspiracy or other non-derivative claim, and that this Court would determine

4

whether any such amended complaint stated a valid claim. Plaintiffs duly filed their motion for leave to amend in this Court on February 5, 2014, and submitted therewith a proposed second amended complaint conforming to the Second Circuit's mandate.

Defendants sought from Plaintiffs' counsel a 30-day extension of time to allow Picard to move in the Southern District of New York Bankruptcy Court to stay this Court from proceeding with Plaintiffs' second amended complaint. Chaitman Decl., Exh. 2. When Plaintiffs' counsel said she would agree to the extension so long as the Defendants provided to her information from which she could assure herself that the Defendants had not fraudulently transferred assets, the Defendants' counsel refused to provide such information. *Id.* at ¶ 8 - 9 and Exh. 2. Thus, Defendants and Picard are not only defying a Second Circuit decision, they are also acting to conceal fraudulent transfers intended to frustrate Plaintiffs from collecting on an anticipated judgment.

Given that Plaintiffs are seeking by this motion to determine the forum in which the merits of the underlying case will be heard—and the Second Circuit has already resolved that issue—to warrant injunctive relief, Plaintiffs need not satisfy the standards of Fed. R. Civ. P. 65; they have made the showing necessary based on the plain language of the Second Circuit decision and Defendants' threat, through the offices of Mr. Picard, to disregard it. *See In re Managed Care Litigation*, 236 F. Supp. 2d 1336, 1344 (S.D. Fla. 2002). However, even if R. 65 applied, the result would be no different.

Rule 65 provides that a party may move for issuance of a preliminary injunction upon notice to the adverse parties and a showing of irreparable injury, loss, or damage that would result but for the Court's issuance of the injunction upon the parties and those persons in active concert or participation with them. The factors recognized in this District for issuance

of a preliminary injunction are (1) substantial likelihood that the movant will prevail on the merits; (2) a showing that the movant will suffer irreparable injury unless the injunction issues; (3) a showing that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) a showing that the injunction, if issued, would not be adverse to the public interest.  *In re Managed Care Litigation*, 236 F.Supp.2d at 1343-44 (internal citations omitted).  As shown below, all of these factors militate in favor of the relief Plaintiffs seek.

### A.  PLAINTIFFS ARE LIKELY TO PROCEED ON THE MERITS

For purposes of this motion, the merit issue is in what forum any motions relating to the proposed second amended complaint will be heard*. In re Managed Care Litigation*, supra at 1344. Here, there is no question that Plaintiffs are likely to succeed on the merits because the Second Circuit has already ruled that this Court should determine, in the first instance, whether the second amended complaint states a claim.  Under R. 65(d)(2) (C), this Court has the power to enjoin not only the Defendants but Picard, who is acting in active concert and participation with the Defendants, from subverting the Second Circuit's mandate.  *See, e.g., S.E.C. v. Homa*, 514 F.3d 661, 674 (7th Cir. 2008*)* ("[T]he injunctive mandate of a federal court runs nationwide, and the issuing court has the authority to deal with defiance of its order regardless of where that defiance occurs"*); ClearOne Communications, Inc. v. Bowers*, 651 F.3d 1200, 1215-16 (10th Cir. 2011) (adopting the 7th Circuit's rationale in *Homa* regarding the district court's ability to enjoin and hold in contempt nonparties); *Estate of Kyle Thomas Brennan v. Church of Scientology Flag Service Organization, Inc.,* 2010 WL 4007591 (M.D. Fla. 2010) (upholding injunction enjoining a state court judge and clarifying that acting in

concert under R. 65 does not necessitate a showing of improper motive, only that the persons act toward the same end).

In *Clearone Communications, Inc. v. Chiang*, 2009 WL 2883010 (D.Utah 2009), the court held that non-parties "who reside outside the territorial jurisdiction of a district court are subject to that court's jurisdiction if, with actual notice of the court's order, they directly violate an order or actively aid and abet a party in violating the court's order. This is so despite the absence of other contacts with the forum." *See also Waffenschmidt v. MacKay*, 763 F.2d 711 (5th Cir. 1985) (holding that parties located outside the forum may justifiably be bound by the district court where their activity threatens the subject matter of the court's order). As Defendants have admitted in their motion to stay (DE 29), their intent is to have Picard litigate in New York the precise issue that the Second Circuit directed be determined by this Court. Accordingly, Defendants and Picard should be enjoined from litigating this matter outside of the Southern District of Florida.

### B.  PLAINTIFFS WILL SUFFER IRREPARABLE HARM IF THIS COURT DOES NOT ENJOIN THE DEFENDANTS FROM PROCEEDING IN THE NEW YORK FEDERAL COURTS

Plaintiffs will suffer irreparable harm if the Defendants are permitted to further litigate this matter in New York. This is true for numerous reasons. First, requiring Plaintiffs to litigate the validity of their proposed complaint in a forum other than that mandated by the Second Circuit deprives Plaintiffs of the very thing they fought for and won in the Second Circuit—the right to proceed in this forum. That is per se irreparable harm. See *In re Managed Care Litigation*, supra at 1345. Second, it would take another four years to go through the New York federal court system to resolve Defendants' threatened suit, during which time the Defendants will be able to continue to fraudulently transfer assets and insulate

7

earlier fraudulent transfers. *See* Chaitman Decl. ¶ 6. Moreover, litigation in New York will cause a delay of another four years before Plaintiffs will be able to litigate their claims on the merits, and critical evidence will likely be lost in the process. Thus, even if the Second Circuit dismisses the case Defendants and Picard intend to file – as it clearly will – the Plaintiffs will have suffered a denial of their right to litigate through a delay of eight years.

### C.  THE POTENTIAL HARM TO PLAINTIFFS OUTWEIGHS ANY ALLEGED DAMAGE TO THE DEFENDANTS

Plaintiffs have litigated for four years to establish their right to sue the Picower Defendants. The Second Circuit has held that Plaintiffs have leave to amend their claims and bring them before this Court. Rather than comply with the Second Circuit's mandate, the Picower Defendants seek to delay reaching the merits for another four years. They have no legitimate interest in doing so and there is no right that the Defendants have that this Court should consider.

### D. THE INJUNCTION IS IN FURTHERANCE OF THE PUBLIC INTEREST

This Court has the power to issue the requested injunction in order to preserve its own jurisdiction and prevent a miscarriage of justice *In re Managed Care Litigation*, supra at 1345 (granting an anti-suit injunction in multi-district litigation). Here, the Defendants are acting in defiance of the Second Circuit's ruling. It is in the public interest to enforce the mandate of the Second Circuit and to penalize parties who act in contempt of federal court orders.

### II.    DEFENDANTS ARE ENTITLED TO TAKE THE DEPOSITIONS OF FREILICH AND MADOFF

Plaintiffs also seek leave of the Court, pursuant to Fed. R. Civ. P. 30(a)(2), to take the depositions of  April Freilich, the chief financial officer of the various Picower Defendants and (b) Bernard L. Madoff, Picower's co-conspirator. In view of Picower's death in 2009, these two

8

people have unique, personal knowledge of the details of the criminal conspiracy. Plaintiffs seek leave of the Court to examine these witnesses as soon as possible in order to avoid the possibility of their unavailability at a later date. Defendants will not suffer any prejudice by the taking of these non-party depositions at this time.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court (1) deny the motion to stay; (2) issue an order enjoining the Defendants and any persons acting in concert or participating with them pursuant to Fed. R. Civ. P. 65(d)(2)(C), including Trustee Irving Picard, from litigating the subject matter of this case outside of the United States District Court for the Southern District of Florida; (3) issue an order allowing Plaintiffs to take the depositions of April Freilich and Bernard L. Madoff; and for such other relief as this Court deems appropriate.

DATED this 19th day of February, 2014.

Respectfully submitted,

**BECKER & POLIAKOFF, P.A.**

*/s/ Allen M. Levine*
Florida Bar No. 315419
Becker and Poliakoff, P.A.
1 East Broward Blvd., Suite 1800
Ft. Lauderdale, FL 33301
Telephone: (954) 987-7550
Facsimile: (954) 985-4176
ALevine@bplegal.com

and

**BECKER & POLIAKOFF LLP**

By: */s/ Helen Davis Chaitman*
45 Broadway
New York, New York 10006
Telephone: (212) 599-3322
Facsimile: (212) 557-0295
Email: hchaitman@bplegal.com
Email: jgorchkova@bplegal.com

*Attorneys for Plaintiffs and the Class*

9

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 19th day of February 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Allen M. Levine_____
Allen M. Levine

**SERVICE LIST**

**Via CM/ECF and Email:**
Sanford L. Bohrer
701 Brickell Avenue, Suite 3300
Miami, FL 33131
Telephone: (305) 374-8500
Facsimile: (305) 789-7799
Sandy.Bohrer@hklaw.com

William D. Zabel, Esq.
Marcy Ressler Harris, Esq.
Schulte Roth & Zabel, LLP
919 Third Avenue
New York, NY 10022
Telephone: (212) 756-2351
Facsimile: (212) 593.5955
william.zabel@srz.com
marcy.harris@srz.com