UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 10-80252-CV-Ryskamp/Vitunac

SUZANNE STONE MARSHALL, ADELE FOX,
MARSHA PESHKIN, and RUSSELL OASIS,
individually and on behalf of a class of similarly situated
Plaintiffs,

v.

CAPITAL GROWTH COMPANY;
DECISIONS, INC.;
FAVORITE FUNDS;
JA PRIMARY LIMITED PARTNERSHIP;
JA SPECIAL LIMITED PARTNERSHIP;
JAB PARTNERSHIP;
JEMW PARTNERSHIP;
JF PARTNERSHIP;
JFM INVESTMENT COMPANIES;
JLN PARTNERSHIP;
JMP LIMITED PARTNERSHIP;
JEFFRY M. PICOWER SPECIAL COMPANY;
JEFFRY M. PICOWER, P.C.;
THE PICOWER FOUNDATION;
THE PICOWER INSTITUTE OF MEDICAL RESEARCH;
THE TRUST F/B/O GABRIELLE H. PICOWER;
BARBARA PICOWER, individually, and as
Executor of the Estate of Jeffry M. Picower,
and as Trustee for the Picower Foundation
and for the Trust f/b/o Gabriel H. Picower;

_____/

## MOTION FOR LIMITED RELIEF FROM STAY

Plaintiffs Suzanne Stone Marshall and Adele Fox, by and through their undersigned counsel, respectfully move for limited relief from the stay of all proceedings in this action entered by the Court on February 24, 2014, in order for the Court to first consider Plaintiffs'

1

Motion to Disqualify Becker & Poliakoff, P.A. as Counsel [D.E. 32]. In support thereof, Plaintiffs state as follows:

1. On February 5, 2014, Plaintiffs in the instant case moved for leave to file a new proposed class action complaint [D.E. 28]. The new complaint was not drafted or reviewed by undersigned counsel, but only by Becker & Poliakoff, P.A. ("Becker").

2. Defendants moved to stay this case on February 18, 2014 [D.E. 29] ("Motion to Stay"). The grounds were that the BLMIS Trustee was planning to file a motion to stay in the U.S. Bankruptcy Court for the Southern District of New York. But no motion has been filed, no hearing has been set, and no stay has been issued by the Bankruptcy Court.

3. Plaintiffs then moved to disqualify Becker as class counsel based on per se conflicts and material conflicts of interest arising from the firm's representation of net winners in other actions. *See* Motion to Disqualify [D.E. 32].

4. Notwithstanding the pending Motion to Disqualify, Becker filed an Opposition to Defendants' Motion for Stay [D.E. 33]. Becker's filing ignored the Motion to Disqualify, and completely failed to address the numerous conflicts of interest identified therein.

5. Thereafter, on February 24, 2014, this Court stayed "[a]ll proceedings in this action" pending resolution of the Motion for Stay. However, this Court also directed Plaintiffs to "respond to the motion to stay within five days" [D.E. 37].

6. Despite the pending Motion to Disqualify, Becker filed a Response in Opposition to Defendants' Motion for Stay [D.E. 38]. Becker again did not respond to the conflicts of interest raised by undersigned counsel, who have been counsel in this case since its inception in this Court.

7. The threshold issue of Becker's disqualification should be addressed before the Court's ruling on the Motion to Stay. *See Piambino v. Bailey*, 757 F.2d 1112, 1145 n.88 (11th Cir. 1985) ("If at any time the trial court realizes that class counsel should be disqualified, it is required to take appropriate action."). It is simply improper for Plaintiffs to be represented by counsel laboring under a conflict of interest, no matter what the procedural posture of the case is. *See Fiandaca v. Cunningham*, 827 F. 2d 825, 830 (1st Cir. 1987) (district court erred in not deciding conflict issue, despite the fact that motion to disqualify was filed on eve of trial). For the reasons stated in the Motion to Disqualify, Becker cannot represent the class, and it is not appropriate for Becker to respond to Defendants' Motion for Stay. Once Becker has been disqualified, then the undersigned will seek leave to file a response pursuant to the Court's Order Requesting Expedited Response [D.E. 37].

8. No prejudice to any party would result from this Court deciding the disqualification issue as an initial matter. The Trustee has yet to file anything with the Bankruptcy Court, and all other proceedings in this action would continue to be stayed pending the Court's resolution of Defendants' Motion to Stay.

WHEREFORE, Plaintiffs respectfully request that the Court enter an order granting limited relief from the stay for the purposes of first ruling on Plaintiffs' Motion to Disqualify.

Dated: February 25, 2014

Respectfully submitted,

/s/ James W. Beasley, Jr.
James W. Beasley, Jr.
beasley@beasleylaw.net
Florida Bar No. 145750
BEASLEY HAUSER KRAMER
& GALARDI, P.A.
505 South Flagler Drive, Suite 1500
West Palm Beach, Florida 33401

Tel: (561) 835-0900
Fax: (561) 835-0939

*and*

/s/ Lesley Blackner
Lesley Blackner, Esq.
lblackner@aol.com
Florida Bar No. 654043
BLACKNER, STONE & ASSOCIATES
123 Australian Avenue
Palm Beach, Florida 33480
Tel: (561) 659-5754
Fax: (561) 659-3184

*Attorneys for Plaintiffs Adele Fox and Suzanne Stone Marshall*

## CERTIFICATE OF FILING AND SERVICE

I HEREBY CERTIFY that on this 25th day of February 2014, this document was electronically filed with the Clerk of this Court by using the CM/ECF system, which will serve a copy on all counsel of record.

/s/ James W. Beasley, Jr.
James W. Beasley, Jr.

4